IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DONALD LLOYD MALONE, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:21-CV-987-O |
| § | (NO. 4:17-CR-083-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Donald Lloyd Malone, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, and applicable authorities, finds that the motion must be dismissed for lack of jurisdiction.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On May 17, 2017, Movant was named in a one-count indictment charging him with use of unauthorized access devices to obtain things having an aggregate value of $1,000 or more, in violation of 18 U.S.C. § 1029(a)(2). CR Doc.[1] 8. On June 21, 2017, he entered a plea of guilty. CR Doc. 23. Movant was sentenced to a term of imprisonment of 120 months, to run concurrent to the sentence imposed in Case No. 12-03-02318-CR in the 221st District Court of Montgomery County, Texas. CR Doc. 43. The Court determined that an upward variance was warranted. CR Doc. 45 at

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-083-O.

24–25. The Court was limited by the statutory maximum to a sentence of 120 months, which was imposed. *Id.* at 25. Movant did not appeal.

On November 18, 2020, Movant filed a motion for credit for time served on the Montgomery County case. CR Doc. 46. The Court denied the motion, instructing Movant that he must pursue relief from prison authorities and, after exhausting his administrative remedies, could pursue a motion under 28 U.S.C. § 2241 in the district and division in which he was incarcerated. CR Doc. 47. By letter dated November 3, 2020, received and docketed December 2, 2020, Movant raised the issue of a 5G1.3 adjustment. CR Doc. 48. The Court again apprised Movant of the procedure for seeking an adjustment to the computation of his sentence. CR Doc. 49.

On August 18, 2021, Movant placed his § 2255 motion in the prison mailing system for filing. Doc.[2] 1 at 11. He raises one ground, that the Bureau of Prisons has miscalculated his time served, as his federal and state sentences were to have run concurrently. *Id.* at 12.

## II. ANALYSIS

A motion under § 2255 is proper where the movant is attacking a sentence imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose, or where the sentence was in excess of the maximum authorized by law. 28 U.S.C. § 2255(a). As the Court has twice explained to Movant, a petition under § 2241 attacks the manner in which the sentence is carried out or the prison authorities' determination of its duration and must be filed in the same district where the prisoner is incarcerated. *Pack v. Yusuff*, 281 F.3d 448, 451 (5th Cir. 2000). Clearly, Movant's motion is one properly brought under § 2241 (provided he has exhausted his administrative remedies) and should have been filed in the place where he was

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

then incarcerated. This Court lacks jurisdiction over such a petition, because Movant is not incarcerated here. *Id.*

Months after receiving the government's response pointing out why Movant's motion cannot be pursued, Movant sought leave to change horses mid-stream, arguing in two separate documents that he should be allowed to amend his motion to make an argument about sentencing credits under USSG § 5G1.3. Docs. 9, 10. The Court is not inclined to believe that such an amendment would be proper. Movant knew of that ground at the time he filed his motion and chose not to include it. *See* CR Doc. 48. And, in any event, his motion if properly made under § 2255 is untimely and there is no reason to believe that equitable tolling would apply. Movant knew at the time of sentencing that the Court would not reduce the sentence imposed to give credit for the 2,043 days he had served on the Montgomery County sentence, having determined that a sentence of 120 months was necessary. CR Doc. 45 at 26–27.

### III. CONCLUSION

For the reasons discussed, the motion filed in this case is construed as a petition under 28 U.S.C. § 2241 and is **Dismissed for Want of Jurisdiction**. The motion for leave to amend is **Denied**.

**SO ORDERED** on this 12th day of May, 2022.

Reed O'Connor
UNITED STATES DISTRICT JUDGE